**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**United States of America,**

**Plaintiff,**

**v.**

**MEMORANDUM OF LAW & ORDER**
**Criminal File No. 00-0168 (2)(MJD)**

**Leonard Louis Hanson,**

**Defendant.**

---

James E. Lackner, Assistant United States Attorney, Counsel for Plaintiff.

Leonard Louis Hanson, pro se.

---

The above-entitled matter comes before the Court upon Defendant's "Request for Grand Jury transcripts." [Docket No. 80.]

On January 5, 2001 Hanson pleaded guilty to aiding and abetting the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(vii). Hanson was sentenced to sixty months imprisonment. By a letter dated June 14, 2004, Hanson requested a copy of the grand jury transcripts from the above-captioned criminal case, pursuant to both the Brady and Jencks Acts.

Grand jury material may be disclosed, "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(3)(c)(ii); United States v. Sileven, 985 F.2d 962, 965 (8th Cir. 1993). A defendant seeking disclosure must show a "'particularized need,' and whether to permit such disclosure is within the sound discretion of the trial judge." Id. (citation omitted). Furthermore, "a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement." United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).

Hanson has not articulated a particularized need for the grand jury transcripts as he has not stated any reason for his request. Moreover, Hanson has no basis for a request under the Jencks Act since he pleaded guilty and waived his right to a trial. United States v. Kamerud, 326 F.3d 1008, 1015 (8th Cir. 2003) (holding the Jencks Act only requires disclosure of grand jury transcripts if they contain statements related to a witness's trial testimony). Finally, Hanson has no basis for disclosure of the transcripts under the Brady Act since he failed to raise this issue at the time of sentencing or on direct appeal. United States v. Tucker, 419 F.3d 719, 721 (8th Cir. 2005) (holding defendant waived alleged Brady violation when he made a knowing and intelligent guilty plea and failed to raise issue on direct appeal.)

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Leonard Louis Hanson's Request for Grand Jury Transcripts [Docket No. 80] is **DENIED.**

Dated: May 12, 2206

s / Michael J. Davis
Judge Michael J. Davis
United States District Court